# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

EDGAR A. RODRIGUEZ,

    Debtor.

Case No. 07-13577-RGM
(Chapter 7)

## MEMORANDUM OPINION

THIS CASE is before the court on a proposed reaffirmation agreement by and between the debtor and a creditor identified as "Branch Banking & Trust Company or one of its affiliates". The debtor is represented by counsel. Part D, "Debtor's Statement in Support of Reaffirmation Agreement", although signed by the debtor is not completed. Debtor's counsel did not check the second paragraph on Part C, "Certification by Debtor's Attorney", which is his opinion that notwithstanding a presumption of undue hardship, the debtor is able to make the required payment. The court cannot determine whether a presumption of undue hardship arose and whether counsel should have opined as to the debtor's ability to make the required payments notwithstanding such a presumption unless Part D is completed.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable only if all of the subsections of §524(c) are satisfied. One subsection, §524(c)(2), requires that the debtor receive the disclosures described in §524(k) before or at the time he signs the reaffirmation agreement. Section 524(k)(1) requires a reaffirmation agreement to contain Part C, "Certification by Debtor's Attorney". 11 U.S.C. §524(k)(5). Part C actually contains two matters, a certification and an opinion. The certification under 11 U.S.C. §524(k)(5)(A) is applicable in all cases. The opinion under 11 U.S.C. §524(k)(5)(B) is applicable only if a

1

presumption of undue hardship arises. The presumption of undue hardship arises as provided in §524(m)(1) which states:

> [I]t shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under §524(k)(6)(A) is less than the scheduled payments on the reaffirmed debt. 11 U.S.C. §524(m)(1).

Section 524(k)(6)(A) requires completion of Part D. Because the debtor did not complete Part D, the court cannot determine whether there is a presumption of undue hardship and, thus, whether counsel should have given his opinion that notwithstanding an undue hardship, the debtor is able to make the required payments. Since §524(k)(5)(B) was not complied with, §524(c)(2) which incorporates §524(k) was not complied with either. Because all of the subsections of §524(c) were not satisfied, the reaffirmation agreement is not effective.

The court notes an additional matter that prevents the reaffirmation from becoming effective. The parties to a reaffirmation agreement must be clearly identified. This reaffirmation agreement does not sufficiently identify the creditor. "Branch Banking & Trust Company or one of its affiliates (hereafter collectively BB&T)" is idenitified as the creditor in the introductory paragraphs, but Prentice Faircloth who identifies himself as an "Asst. Vice President" manually signed the reaffirmation agreement under the typed name "BB&T Bankruptcy." The name "BB&T Bankruptcy" does not appear to be the name of a juridic entity. The signature line does not identify the affiliate, if any, of which Mr. Faircloth is Assistant Vice President and does nothing to indicate he is authorized to enter into a reaffirmation agreement on behalf of the specific creditor to whom the debtor is indebted. If the parties desire to resubmit the reaffirmation agreement, the creditor must be specifically identified.

Alexandria, Virginia
March 3, 2008

                  /s/ Robert G. Mayer
                  Robert G. Mayer
                  United States Bankruptcy Judge

Copy electronically to:

Gordon P. Peyton
Richard A. Bartl

14049